**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

PROJECT PAPERLESS, LLC, a Virginia
limited liability company,

      Plaintiff,

v.

BLUEWAVE COMPUTING, LLC, a Georgia
limited liability company, and,

JOHN DOES 1-100, individuals whose identity
is presently unknown,

      Defendants.

C.A. No.: _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Project Paperless, LLC ("Project Paperless"), by and through its undersigned counsel, for its Complaint for Patent Infringement against the above-named Defendants hereby states:

1.    This is a case where the Plaintiff owns valuable patent rights through a combination of issued patents and patents pending which cover the Defendants' ability to operate their own information technology systems within which their employees are able to scan a document into such things as (A) an email attachment, including transmittal of the attachment over a local area network or across the Internet; (b) the a digital document file format, transmitted over a local area network or across the Internet, including storage of the document into its network files so that it can be accessed by Defendants' employees through one or more software applications; (c) a digital document, including transmittal of the document to a Sharepoint site or an FTP site.  These patent rights are valuable because of the efficiencies they add to the workplace via the fast, reliable transmission of

data without the added cost, delay and unreliability of paper-based systems of the prior art.

2.    Defendants obtained and continually support this technology via the ongoing maintenance and configuration and other technical support activities of BlueWave Computing, their IT support firm.  Defendants each have, with assistant from BlueWave Computing,  including integrated hardware, software and other equipment provided by various companies, none of which articles of hardware, software or equipment individually is accused of infringing the Plaintiff's patent rights.  However, the Defendants have brought these diverse elements together into their data management systems that infringe Plaintiff's patent rights.

3.    Plaintiff has previously communicated orally and in writing with Defendant BlueWave Computing about its patent rights, including setting forth its theories of infringement, and its view that it should take a license to these patents.  BlueWave has not denied the use of the infringing technology and has not advanced any theory of patent invalidity, and has thus far been unwilling to share any of its own business information requested in writing by Plaintiff except to suggest that it is using certain Xerox network scanning equipment in addition to its and its clients' software-related systems (such as Exchange), and has furthermore failed to cease its illegal theft of Plaintiff's patent rights.

THE PARTIES

4.    Plaintiff Project Paperless, LLC is a limited liability company formed under the laws of the Commonwealth of Virginia with its principal place of business in Alexandria, Virginia.

5.    BlueWave Computing, LLC ("BlueWave") is a Georgia limited liability company with its principal place of business located at 2251 Corporate Plaza Parkway, Suite 100, Smyrna, Georgia 30080.  It may be served through its registered agent, Steven Vicinanza.  It is

authorized to do business in the State of Georgia. Further, it regularly conducts such

business within Georgia and within this judicial district.  Within its offices located in this

judicial district, it makes and uses technology that infringes the patent-in-suit, as discussed

in greater detail herein.

6.     John Does 1-100 are Defendants whose identities are unknown presently but who upon

information and belief are Georgia-based customers and clients of BlueWave, that

BlueWave upon information and belief helps to infringe the patents in suit in this judicial

district (and elsewhere), and their identifies will be discovered from BlueWave, and the

Complaint amended to reflect their true identities at a later time.

7.      In this case, upon information and belief, the right to relief against all Defendants arises

out of the same series of transactions or occurrences involving BlueWave relating to the

making and using of the technology accused of infringement in this case.  Furthermore, this

right to relief is based on common questions of fact relating to the use of BlueWave as a

technical support firm to help make and use the accused technology for the purpose of

infringing the patents-in-suit.

JURISDICTION AND VENUE

8.     This is an action for patent infringement arising under the provisions of the Patent Laws of

the United States of America, Title 35, United States Code.

9.     Subject-matter jurisdiction over Project Paperless's claims is conferred upon this Court by

28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent

jurisdiction).

10.    This Court has personal jurisdiction over BlueWave and the John Does defendants because

each is, upon information and belief, based in the State of Georgia and is subject to general

jurisdiction in Georgia.  BlueWave also has established sufficient minimum contacts, including acts of patent infringement, with the forum to render the exercise of jurisdiction reasonable in this forum.  Upon information and belief, each of the John Doe defendants has established sufficient minimum contacts, including acts of patent infringement, with the forum as well.  BlueWave is authorized to do business in Georgia and regularly conducts such business.  Likewise, upon information and belief, each of the John Doe defendants is also authorized to do business in Georgia and regularly conducts such business.  Upon information and belief, each of the defendants uses patent-infringing technology which is the subject of this lawsuit in this judicial district.  Therefore, the exercise of personal jurisdiction over each of the defendants would not offend traditional notions of fair play and substantial justice.

11.    For at least the reasons identified above, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

12.    Upon information and belief, Defendants with the assistance of BlueWave have each created and maintain a system for collecting, storing and accessing information. Defendants employ information technology ("IT") personnel to assist in the maintenance of this system.  Upon information and belief, BlueWave has also created such a system for its own usage.

13.    Upon information and belief, with the assistance and support of BlueWave, Defendants each utilize a network addressable scanner and or a network addressable multifunction device (each of which is hereby described as an "IP scanner").  BlueWave uses an IP scanner as well.  Each IP scanner is capable of scanning paper into a digital form.  Each IP scanner has its own IP address.  It is configured by Defendants, including BlueWave, so

4

that various employee email addresses (and other addressable destinations as well, such as a web site or an FTP site) are inputted into it.   Each IP scanner also includes a user interface which BlueWave helps to set up on a network and then helps to maintain, and which permits the user to input, *inter alia*, an intended recipient's email address (or other destination), and to then press a button, which in turn triggers the scanning of paper into a digitally-formatted file that is emailed to the intended recipient's email address (or otherwise electronically transmitted to a destination address).   Upon information and belief, each IP scanner is configured by BlueWave to support similar related functionality such as scanning a document into a digital file that it can transmit to a Sharepoint site and/or to an FTP site, where it may be accessed by one or more of Defendants' employees.   To be clear, Plaintiff is not arguing that IP scanner equipment alone infringes any patent rights.

14.   Upon information and belief, each Defendant, including BlueWave, utilizes within its IT infrastructure an email system.   Upon information and belief, Defendants each utilize, with assistance from BlueWave as to operational support and ongoing maintenance issues, Microsoft Exchange and Outlook (or an equivalent email subsystem), which runs on at least one server, in order to aid the process of communicating a digital image from an IP scanner to an intended email destination.   Again, Plaintiff is not alleging that these Microsoft products (or servers running them) by themselves infringe any patent rights.

15.   Upon information and belief, Defendants, including BlueWave, each utilize an IP scanner capable of scanning paper into a digital form.   Said IP scanner includes a user interface which permits the user of the IP scanner to input, inter alia, an intended network file destination, and to then press a button, which in turn triggers the scanning of paper into a digitally-formatted file that is automatically transmitted to and stored within the designated

network file destination.  Upon information and belief, BlueWave actively assists the foregoing practices of the other defendants through its ongoing technical support and maintenance of the Defendants' hardware, software and networking equipment and processes used therein.  To be clear, Plaintiff is not arguing that the IP scanner equipment alone infringes any patent rights.

16.   Upon information and belief, Defendants, including BlueWave, utilizes Microsoft Windows in a client server configuration, in order to aid the process of communicating a digital image from a scanner/copier to an intended file destination accessible to a file server.   Upon information and belief, BlueWave actively assists the foregoing practices of the other defendants through its ongoing technical support and maintenance of the Defendants' hardware, software and networking equipment and processes used therein. Again, Plaintiff is not alleging that these Microsoft products (or server running Microsoft products) by themselves infringe any patent rights.

17.    BlueWave is making, using and <u>inducing</u> others, including John Does 1-100, to use said system.

18.   BlueWave acts of inducement include configuration and ongoing support and maintenance of each Defendant's infringing system and its constituent components

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,477,410

19.   Project Paperless reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

20.   On January 9, 2010, U.S. Patent No. 7,477,410 (the "'410 Patent") was duly and legally issued by the USPTO.  Project Paperless is the owner by assignment of all right, title and

interest in and to the '410 Patent, including all right to recover for any and all past infringement thereof.  The '410 Patent is attached as Exhibit A hereto.

21.    Upon information and belief, each Defendant, including Bleu Wave, has infringed directly and continue to infringe directly at least Claim 8 and other claims of the '410 Patent by making and using in this judicial district and elsewhere in the United States, a data management system possessing all of the elements of at least this claim.

22.    Upon information and belief, Defendants each use at least one network addressable scanner, digital copier or other multifunction peripheral (collectively, "IP scanner") capable of creating a digital copy of a physical document (e.g., a paper document).

23.    Upon information and belief, Defendants, including BlueWave, uses one or more central computer(s) or server(s) for sharing access to information (collectively, Defendants' "file server") among desktop computers and/or other computers used by Defendants' employees (collectively, "client computers") and/or mobile devices used by Defendants' employees such as Blackberry® devices and other smartphones.

24.    Upon information and belief, each Defendant uses one or more central computer(s) or server(s) running for corporate electronic email software (collectively, an "email server").

25.    Upon information and belief, Defendants' file servers and email servers are each connected to data stored in an electronic storage medium ("Defendants' data storage") such that certain of Defendants' data located in Defendants' data storage is accessible to Defendants' file server and/or email server.

26.    Upon information and belief, Defendants use memory in the file server and/or email server which stores software permitting electronic communication between the file server and at least one of the Defendants' IP Scanners.

27. Upon information and belief, Defendants use memory in its file server and/or email server which stores software permitting electronic communication between Defendants' file server and at least one of the Defendants' client computers.

28. Upon information and belief, Defendants use memory in its file server and/or email server which stores software permitting electronic communication between Defendants' email server and at least one of the Defendants' IP Scanners.

29. Upon information and belief, Defendants use memory in its file server and/or email server which stores software permitting electronic communication between Defendants' email server and at least one of the Defendants' client computers.

30. Upon information and belief, Defendants use software operated on or in conjunction with its file server and/or its email server and/or its data storage to replicate and transmit one or more digital copies of physical documents such as paper documents to one or more servers or client computers.

31. This replication and transmission occurs as a result of a user-command communicated through a graphical user interface (GUI), without any modification of any of Defendants' client computers, and without any modification of Defendants' software source code.

32.  BlueWave is making, using and inducing others, including John Does 1-100, to use said system.  BlueWave's acts of inducement to infringe the '410 Patent include configuration and ongoing support and maintenance of for each of the other Defendants' infringing system and its constituent components, with aforesaid knowledge of the '410 Patent and the infringement thereof.

33. As a consequence of the infringement of the '410 Patent by the aforesaid Defendants, Project Paperless is entitled to recovery of past damages in the form of, at a minimum, a

reasonable royalty.

34. Moreover, as a consequence of the prior written and verbal communication of patent rights by Plaintiff to BlueWave, combined with BlueWave's failure to cease and desist from further infringement in the face of the objective risk of infringement, the infringement by BlueWave is willful, giving rise to Plaintiff's claims for trebling of the damages in this case, as well as to Plaintiff's claims that this is a case where BlueWave should reimburse Plaintiff for its attorney's fees and other costs of litigation pursuant to 35 U.S.C. Section 285.

<u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,986,426</u>

35. Project Paperless reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

36. On July 26, 2011, U.S. Patent No. 7,986,426 (the "'426 Patent") was duly and legally issued by the USPTO.  Project Paperless is the owner by assignment of all right, title and interest in and to the '426 Patent, including all right to recover for any and all past infringement thereof.  The '426 Patent is attached as Exhibit B hereto.

37. As a result of the Defendants' functionality described above in paragraphs 10-17 and 18-31, the '410 patent is directly infringed by each of the Defendants, including BlueWave. The infringement includes infringement of Claim 1.

38.  BlueWave is making, using and inducing others, including John Does 1-100, to use said system.  BlueWave's acts of inducement to infringe the '410 Patent include configuration and ongoing support and maintenance of for each of the other Defendants' infringing system and its constituent components, with aforesaid knowledge of the '410 Patent and the infringement thereof.

39.  As a consequence of the infringement of the '410 Patent by the aforesaid Defendants, including BlueWave, Project Paperless is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

40.  Moreover, as a consequence of the prior communication of patent rights by Plaintiff to BlueWave, combined with its failure to cease and desist from further infringement in the face of the objective risk of infringement, the infringement is willful, giving rise to Plaintiff's claims for trebling of the damages in this case, as well as to Plaintiff's claims that this is a case where BlueWave should reimburse Plaintiff for its attorney's fees and other costs of litigation pursuant to 35 U.S.C. Section 285.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Project Paperless prays for entry of judgment and an order that:

(1)  Defendants have the '410 and '426 Patents;

(2)  Defendants account for and pay to Project Paperless all damages, assessment of interest, and costs of Project Paperless caused by Defendants' patent infringement;

(3)  Project Paperless be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement of the '426 Patent;

(4)  In the event the Court determines that it will not enter injunctive relief, Defendants shall continue to pay royalties to Project Paperless for its infringement of the '410 and '426 Patents on a going-forward basis;

(5)  Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6)   Costs and attorney's fees be awarded to Project Paperless, under 35 U.S.C. § 285; and

(7)   Project Paperless be granted such further and additional relief as the Court may deem just

and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Project Paperless demands trial by jury on all claims and issues so triable.

This 23rd day of March, 2012.

Respectfully submitted,

_____

Steven G. Hill
sgh@hkw-law.com
Georgia Bar No. 354658
Martha L. Decker
mh@hkw-law.com
Georgia Bar No. 420867

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone:    770-953-0995
Facsimile:      770-953-1358

Attorneys for Plaintiff