# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PROJECT PAPERLESS, LLC, a Virginia limited liability company, | |
| Plaintiff, | |
| v. | C.A. No.:  1:12-cv-00995-SCJ |
| BLUEWAVE COMPUTING, LLC, a Georgia limited liability company, and, | JURY TRIAL DEMANDED |
| JOHN DOES 1-100, individuals whose identity is presently unknown, | |
| Defendants | |
| BLUEWAVE COMPUTING, LLC, a Georgia limited liability company, | |
| Counterclaim Plaintiff | |
| v. | |
| PROJECT PAPERLESS, LLC a Virginia limited liability company | |
| Counterclaim Defendant | |

18047524.1

BLUEWAVE COMPUTING, LLC, a
Georgia limited liability company,

       Third Party Plaintiff

v.

XEROX CORPORATION, CANON
U.S.A., INC., HEWLETT-PACKARD
COMPANY and BROTHER
INTERNATIONAL CORPORATION

       Third Party Defendants

## THIRD PARTY COMPLAINT

Defendant/Counterclaim Plaintiff/Third Party Plaintiff BlueWave

Computing, LLC, by and through the undersigned counsel, alleges the following as

its Third Party Complaint for Indemnification against Third Party Defendants

Xerox Corporation, Canon U.S.A. Inc., Hewlett-Packard Company and Brother

International Corporation.

## NATURE OF THE CLAIMS

1.     BlueWave is being sued in the above-captioned action by Project Paperless,

LLC ("Plaintiff"), a non-practicing entity – commonly referred to as a "patent

troll" – based on the alleged infringement by BlueWave and BlueWave's clients of

U.S. Patent Nos. 7,447,410 and 7,986,426 (The "Patents in Suit").  The Patents in

2

Suit are purportedly owned by Plaintiff and relate to technology systems permitting users to scan paper documents, convert them to electronic format and transmit them to various electronic outlets such as email, local area networks, the Internet and FTP sites.

2.      Project Paperless contends Blue Wave is liable not only because it used a networked scanner in its own operations, but also because BlueWave has assisted its customers by configuring and maintaining networked scanners in a manner such that those customers also infringe the Patents in Suit.

3.      BlueWave denies that it or any of its customers infringe any claim of the Patents in Suit, and further asserts that the Patents in Suit are invalid.

4.      BlueWave files this Third Party Complaint against the Third Party Defendants because they have supplied the multi-function scanners used by BlueWave, or by BlueWave's customers, in the kind of networked system that Project Paperless accuses of infringement.  These scanners are essential to the systems accused of infringement, and are designed, manufactured and marketed for the express purpose of allowing the user to have fully networked functionality for the creation and transmission of electronic images created from paper documents by scanning those documents on the equipment supplied by the Third Party Defendants.

18047524.1

5.      Any liability BlueWave has for patent infringement is passive only, and results only from BlueWave's following the instructions provided by the Third Party Defendants.  As such, the Third Party Defendants have the duty to defend BlueWave in this lawsuit, and to indemnify it against any liability it ultimately may have to Project Paperless.  As the parties most familiar with the technology they have designed and marketed, they are the parties best situated to defend against Plaintiff's claims of infringement and to develop the defenses of invalidity.

## PARTIES

6.      Third Party Plaintiff BlueWave Computing, LLC ("BlueWave") is a Georgia limited liability company with its principal place of business in Smyrna, Georgia.

7.      Third Party Defendant Xerox Corporation ("Xerox") is a New York corporation with its principal place of business in Norwalk, Connecticut.  Xerox may be served via its Georgia registered agent, The Prentice-Hall Corporation System, 40 Technology Parkway, South, #300, Norcross, Georgia 30092.

8.      Third Party Defendant Canon U.S.A., Inc. ("Canon") is a New York corporation with its principal place of business in Lake Success, New York. Canon may be served via its Georgia registered agent, Corporation Service Company, 40 Technology Parkway, South, #300, Norcross, Georgia 30092.

4

9.     Third Party Defendant Hewlett-Packard Company ("H-P") is a Delaware corporation with its principal place of business in Palo Alto, California.  HP may be served via its Georgia registered agent, CT Corporation System, 1201 Peachtree Street, Atlanta, Georgia 30361.

10.    Third Party Defendant Brother International Corporation ("Brother") is a Delaware corporation with its principal place of business in New Jersey.  Brother conducts business in the state of Georgia but is currently not in good standing and has not identified to the Georgia Secretary of State a registered agent for service of process in the State of Georgia.  Brother may be served through its registered agent in its state of incorporation, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

11.    This Court has personal jurisdiction over Third Party Defendants because they are foreign corporations registered to do business in the State of Georgia and/or they are foreign corporations that regularly conduct business in the Northern District of Georgia.

12.    This Court has supplemental jurisdiction over the claims in this Third Party Complaint pursuant to 28 U.S.C. § 1367 because the claims are so related to the

5

principal claims in the above-captioned actions that they form part of the same case or controversy.

13.     This Court also has subject matter jurisdiction over the claims in this Third Party Complaint pursuant to 28 U.S.C. § 1332 because the matter in controversy in the Third Party Complaint exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States.

14.     This Court has jurisdiction over the declaratory judgment claims in this Third Party Complaint pursuant to 28 U.S.C. § 2201 because an actual controversy exists between BlueWave and the Third Party Defendants regarding the duties of the Third Party Defendants to defend and indemnify BlueWave from the infringement claims asserted by Project Paperless.

15.     Venue in the Northern District of Georgia is proper under 28 U.S.C. § 1391 because the Third Party Defendants regularly conduct business in the Northern District of Georgia and thus are deemed to reside therein.

## FACTUAL ALLEGATIONS

16.     BlueWave Computing is an information technology ("IT") management firm that offers an array of IT support services to small and medium sized businesses. Those services include strategic IT planning, system monitoring, remote help desk, on-site support, disaster recovery, back-up management, security management,

hosting, application development, database administration, web design, and support and implementation for all Microsoft products and Voiceover Internet Protocol telephone systems.  BlueWave has been in operation for over 15 years, and is certified at the highest level to support products developed by the major suppliers of business IT systems, including Microsoft Gold Partner, Dell PartnerDirect Premier, Cisco Select, and Apple Consultants Network, Citrix, Symantec Gold and QuickBooks ProAdvisor certifications.

17.     BlueWave is being sued in the above-captioned action by Project Paperless, LLC ("Plaintiff"), a non-practicing entity – commonly referred to as a "patent troll" – based on the alleged infringement by BlueWave and BlueWave's clients of U.S. Patent Nos. 7,447,410 and 7,986,426 (the "Patents in Suit").  The Patents in Suit are purportedly owned by Plaintiff and relate to technology systems permitting users to scan paper documents, convert them to electronic format and transmit them to various electronic outlets such as email, local area networks, the Internet and FTP sites.  (*See generally*, Plaintiff's Complaint.)

18.     As more fully set forth in its Answer, BlueWave denies it has infringed directly or indirectly by contributory or induced infringement, any valid claim of Plaintiff's patents.  BlueWave also has filed a counterclaim against Project

Paperless for declaratory judgment that Blue Wave has not infringed the Patents in Suit, and/or that the Patents in Suit are invalid.

19.     Project Paperless claims it is entitled to royalties for BlueWave's alleged use of the Patents in Suit in excess of $100,000.

20.     The technology that allegedly infringes on Plaintiff's patents was provided to BlueWave by Xerox through the sale or lease of equipment for BlueWave's use in its operations.  The Xerox equipment is a multi-function machine capable of digital copying, network printing, scanning, emailing and faxing.  The equipment also incorporates system memory.  *See* WorkCentre 4250/4260 Series Quick Use Guide, Exhibit A hereto, at 3.

21.     The Xerox equipment could be connected to BlueWave's computer network in a few simple steps, clearly outlined in the same Quick Use Guide at pages 10-11.  Similarly, Xerox provided equally simple instructions for establishing the connection between Xerox's equipment and email service.  Ex. A at 13-14.  Upon information and belief, the ability to scan a paper document and email the resulting electronic file is the primary activity that Project Paperless is accusing of infringement.

8

22.    If BlueWave's use of the Xerox technology is deemed infringing, that infringement results from BlueWave's use of that technology as Xerox designed it, marketed it, and instructed BlueWave to use it.

23.    As part of BlueWave's consulting services it has occasionally resold Xerox equipment, incorporating same technology to its customers.  At the direction of its customers, BlueWave also has followed the steps prescribed by Xerox to allow the customer to scan and email a paper document.

24.    If the BlueWave customers' use of the Xerox technology is deemed infringing, that infringement results from BlueWave's compliance with its customers' directions, and from BlueWave's use of the Xerox equipment as Xerox designed it, marketed it, and instructed BlueWave to use it.

25.    As part of BlueWave's consulting services, it has resold Canon, H-P and Brother multi-function equipment to its customers.  Like the Xerox equipment, the Canon, H-P and Brother equipment incorporates technology making it capable of copying, printing, scanning, faxing, emailing and providing the network connectivity required to support these functions.  *See* Canon image RUNNER 1025/1025N/1025iF Basic Operation Guide at ii-iii.  True and correct copies of excerpts from the Canon Basic Operation Guide are attached hereto as Exhibit B. The Canon technology also incorporates system memory.  *See*, e.g., Ex. B at xiv

(noting that "documents stored in the machine's memory will be deleted when you unplug the power cord.")

26.     A true and correct copy of the H-P Color LaserJet CM 2320 MFP Series – Scan instructions is attached hereto as Exhibit C.  The H-P technology also incorporates system memory.

27.     A true and correct copy of relevant excerpts from the Brother Multi-Protocol On-Board Ethernet Multi-Function Print Server and Wireless (IEEE 802.11 b/g) Ethernet Multi-Function Print Server is attached hereto as Exhibit D.  The Brother technology also incorporates system memory.

28.     BlueWave also has from time to time assisted its customers in setting up the networking and email capabilities of the Canon, H-P and Brother technology.  The Canon, H-P and Brother technology could be connected to the customer's computer network in a few simple steps prescribed by each supplier.   *See* Ex. B at 9-1 through 9-4; Ex C and Ex. D.  Similarly, each supplier provided equally simple instructions for establishing the connection between its equipment and email service.  Ex. B at 6-1 through 6-7; Ex. C and Ex. D.

29.     If the BlueWave customers' use of the Canon, H-P or Brother technology is deemed infringing, that infringement results from BlueWave's compliance with its

18047524.1

customers' directions, and from BlueWave's use of the technology as each supplier designed it, marketed it and instructed BlueWave how to use it.

30.    The technology provided to BlueWave or its customers by all the Third Party Defendants was turnkey and did not require assembly or modification by BlueWave.

31.    Project Paperless notified BlueWave of the existence of the Patents in Suit before Project Paperless filed its suit against BlueWave and BlueWave's unnamed customers.  BlueWave notified Xerox and Canon of the existence of the Patents in Suit after receiving said notice from Project Paperless.  Upon information and belief, Project Paperless also notified Xerox and Canon of the existence of the Patents in Suit before Project Paperless filed its suit against BlueWave and its customers.

32.    BlueWave also requested that Xerox and Canon defend it and indemnify it against the claims of Project Paperless.  Xerox and Canon refused to do so.

33.    If it is determined that the technology at issue infringes any valid claim of Plaintiff's patents, then Third Party Defendants negligently failed to disclose this infringement to BlueWave.

34.    The Third Party Defendants market their technology expressly for use in the manner Plaintiff contends is infringing.  If it is determined that the technology at

11

issue infringes any valid claim of Plaintiff's patents, Third Party Defendants are the direct infringers because of their design, manufacture, sale or importation of the technology.  If BlueWave and/or its customers are liable for that infringement, that liability is passive in nature, deriving merely from their lease or purchase of the technology, or from the parties' contractual relationships, agency relationships or other relationships, or roles that impose vicarious liability.

35.     Project Paperless contends that the Patents in Suit cover virtually any use of a machine capable of scanning paper documents, converting them to electronic form and transmitting them via email, fax, the Internet, FTP site or to the user's computer network.  BlueWave denies that the Patents in Suit are as broad as Project Paperless claims, and further contends that the Patents in Suit are invalid, particularly if they are construed as broadly as Project Paperless contends they should be construed.

36.     If it is determined, however, that the technology at issue, or BlueWave's or its customers' use thereof, infringe any valid claim of the Patents in Suit, the Third Party Defendants are liable as inducers of infringement, in that they had knowledge of the Patents in Suit and of their alleged infringement by the prescribed uses of their technology, and specifically intended that BlueWave and/or its customers infringe the Patents in Suit.  Even after the Third Part Defendants received notice

12

of alleged infringement, the Third Party Defendants continued to market their multi-function equipment incorporating the accused technology.  They also refused to take any action against Project Paperless or otherwise in support of BlueWave and/or its customers.  The conduct of the Third Party Defendants makes them liable for inducement of infringement under 35 U.S.C. § 271(b).

37.   Alternatively, if it is determined that BlueWave and/or its customers are direct infringers based on their use of the technology at issue, the Third Party Defendants are liable for contributory infringement.  The Third Party Defendants equipment is a component of a patented combination; the Third Party Defendants offer to sell or sell that component within the United States or import that component into the United States;  that component constitutes a material part of the invention; the Third Party Defendants know the same to be especially made or especially adapted for use in an infringement of such patent, and under Project Paperless's broad interpretation of the Patents in Suit, the equipment is not a staple article or commodity of commerce suitable for any substantial non-infringing use. Under these conditions, the Third Party Defendants are liable as contributory infringers under 35 U.S.C. § 271(c).

18047524.1

## <u>FIRST CLAIM FOR RELIEF</u>
## <u>IMPLIED DUTY TO INDEMNIFY BASED ON BREACH OF WARRANTY OF NON-INFRINGEMENT UNDER UNIFORM COMMERCIAL CODE</u>

38.    BlueWave incorporates herein by reference the allegations in paragraphs 1 – 37 above.

39.    Georgia's Uniform Commercial Code provides "[u]nless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications."  O.C.G.A. § 11-2-312.

40.    Georgia's Uniform Commercial Code further provides that "except in a finance lease there is in a lease contract by a lessor who is a merchant regularly dealing in goods of the kind a warranty that the goods are delivered free of the rightful claim of any person by way of infringement or the like."  O.C.G.A. § 2-312(2).

41.    Third Party Defendants are merchants that regularly deal in the equipment at issue that was provided to BlueWave.  BlueWave notified Xerox and Canon more than once that Project Paperless was accusing BlueWave and its customers of infringement based on their use of the Third Party Defendants' technology for its

14

intended, marketed purposes.  Upon information and belief, Project paperless notified H-P and Brother of the Patents in Suit and its claims of infringement.

42.     Without admitting, and on the contrary denying the allegations of infringement by Project Paperless, if the technology at issue infringes Plaintiff's patents, Third Party Defendants have breached their warranty that the technology was delivered to BlueWave free of the rightful claim of any third person by way of infringement.

43.     Because of Third Party Defendants' breach of warranty of non-infringement, BlueWave now faces the possibility of liability toward Plaintiff, as well as other damages.

44.     These damages include all damages recoverable at law, including attorneys' fees and costs of defense, any award of damages to Plaintiff against BlueWave, and lost profits caused by any injunction against BlueWave in favor of Plaintiff. These damages constitute the loss resulting in the ordinary course of events from the merchants' default as determined in any manner that is reasonable together with incidental or consequential damages, as prescribed by O.C.G.A. § 11-2A-519 and O.C.G.A. § 11-2-715.  *See Alterman Foods, Inc. v. G.C.C. Beverages, Inc.*, 310 S.E.2d 755 (1983).

45.     At the very least, BlueWave is entitled to a declaratory judgment establishing that the Third Party Defendants have the duty to defend and indemnify BlueWave as pleaded herein.

**SECOND CLAIM FOR RELIEF**
**INDEMNIFICATION BY OPERATION OF GEORGIA COMMON LAW**

46.     BlueWave incorporates herein by reference the allegations in paragraphs 1 – 37 above.

47.     Without admitting, and on the contrary denying the allegations of infringement of the Patents in Suit made by Project Paperless,  if it is determined that the technology at issue infringes any valid claim of Plaintiff's patents, Third Party Defendants, not BlueWave, are the parties culpable for the infringement complained of by Plaintiff.

48.     Under Georgia law "[a] person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has thus been imputed to him." *Auto-Owners Insurance Company v. Anderson*, 556 S.E.2d 465 (Ga. App. 2001) .

49.     In the event BlueWave must pay damages to Plaintiff based on this imputed liability because the technology at issue is deemed to infringe any valid claim of

16

the Patents in Suit, by operation of Georgia law BlueWave is entitled to indemnification from Third Party Defendants for such damages, as well as for its attorneys' fees, costs of defense and other losses such as lost income on account of any injunction entered in favor of Project Paperless.

50.     To the extent necessary, the Third Party Defendants have received sufficient notice of the claims of Project Paperless to establish their duties of defense and indemnification.

51.     At the very least, BlueWave is entitled to a declaratory judgment establishing that the  Third Party Defendants have the duty to defend and indemnify BlueWave as pleaded herein.

**THIRD CLAIM FOR RELIEF**
**INDEMNIFICATION BASED ON NEGLIGENT MISREPRESENTATION**
**BY THIRD PARTY DEFENDANTS**

52.     BlueWave incorporates herein by reference the allegations in paragraphs 1 – 37 above.

53.     Without admitting, and on the contrary denying the allegations of infringement by Project Paperless, if the technology at issue infringes the Patents in Suit, Third Party Defendants had a duty to disclose that the technology they were providing to BlueWave or to its customers infringed the Patents in Suit.

17

54.     At no time did Third Party Defendants disclose to BlueWave, or to its customers that the technology they were providing to BlueWave infringed any patents, even after Plaintiff accused Third Party Defendants of infringement.

55.     Based on Third Party Defendants' failure to disclose otherwise, BlueWave reasonably relied on the assumption that the technology the Third Party Defendants supplied did not infringe any patents.

56.     Whether the technology BlueWave obtained from Third Party Defendants infringed Plaintiff's patents was material information and it is foreseeable that BlueWave would rely on Third Party Defendants' failure to disclose such information as meaning the technology in question did not infringe.

57.     Because of Third Party Defendants' negligent failure to disclose that the technology they were supplying to BlueWave infringed Plaintiff's patents, BlueWave has incurred damages including legal fees, the risk of an adverse award in the underlying patent litigation, potential lost profits in the event of an injunction and/or potential licensing fees.

58.     Thus, BlueWave is entitled to indemnification for any damages it incurs based on Third Party Plaintiff's negligent misrepresentations, as well as for its attorneys' fees, costs of defense and other losses such as lost income on account of any injunction entered in favor of Project Paperless.

59.   At the very least, BlueWave is entitled to a declaratory judgment establishing that the  Third Party Defendants have the duty to defend and indemnify BlueWave as pleaded herein.

## FOURTH CLAIM FOR RELIEF
## ATTORNEYS' FEES UNDER O.C.G.A. § 13-6-11

60.   BlueWave incorporates herein by reference the allegations in paragraphs 1 – 37 above.

61.   Third Party Defendants' refusal to defend and indemnify BlueWave against the claims of Project Paperless demonstrates they have acted in bad faith, have been stubbornly litigious, or have caused BlueWave unnecessary trouble and expense.

62.   As a result of Third Party Defendants' bad faith, BlueWave has incurred expenses of litigation including costs and attorney fees which BlueWave is entitled to recover from Third Party Defendants pursuant to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, BlueWave prays for relief and judgment as follows:

A.   Trial by jury of all claims so triable;

B.   A judgment declaring that Third Party Defendants have the duty to defend and indemnify BlueWave as pleaded herein;

18047524.1

C.      An award against Third Party Defendants and in favor of BlueWave in the amount of any judgment rendered in favor of Plaintiff in the above captioned action and against BlueWave, plus attorneys' fees and costs incurred in defending the principal action and any other losses sustained as a result of Plaintiff's claims;

D.      An award of BlueWave's attorneys' fees, costs and other expenses incurred in prosecuting this third-party action; and

E.      Such other and further relief as is just and proper.

This 10th day of July 2012.

*/s/ Ann G. Fort*
Ann G. Fort (269995)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
Tel:  (404) 853-8000
Fax:  (404) 852-8806
*ann.fort@sutherland.com*

18047524.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and

foregoing document with the Clerk of Court using the CM/ECF system which will

automatically send email notification of such filing to the following attorneys of

record:

> Steven G. Hill
> Martha L. Decker
> Hill, Kertscher & Wharton, LLP
> 3350 Riverwood Parkway
> Atlanta, Georgia 30339
> sgh@hkw-law.com
> mh@hkw-law.com

This 10th day of July, 2012.

> */s/ Ann G. Fort*
> Ann G. Fort (269995)

21

18047524.1